IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| TAYLOR FREEZER SALES CO. OF GEORGIA, INC., | : : : | |
| ex. rel. | : : | |
| KYTCH, INC., | : : | Case No. 2:23-cv-180-RWS-JCF |
| Plaintiff, | : : : | Underlying litigation: |
| v. | : : | Case No. 3:23-cv-01998-TSH |
| MCDONALD'S CORP., | : : | United States District Court for the Northern District of |
| Defendant. | : | California |

# ORDER

This case is before the Court on the Motion To Quash Or In The Alternative For A Protective Order filed by Taylor Freezer Sales Co. of Georgia, Inc. ("TFSG") (Doc. 1).

## Factual And Procedural Background

TSFG, which is located in Cumming, Georgia (Doc. 1-1 at 2), distributes and repairs the C602 ice cream machines used in McDonald's stores, and Kytch is a manufacturer of a device which Kytch asserts "helps users of those machines avoid expensive repairs and costly downtime." (Doc. 3 at 1, 4). Kytch is suing McDonald's in the United States District Court for the Northern District of California for claims involving the Kytch device. (Doc. 1-1 at 2; Doc. 3 at 1-2, 4). On August 1, 2023,

1

Kytch issued to TSFG, which is not a party to the underlying litigation, a subpoena from the Northern District of California, which commanded TFSG to produce nine categories of documents "[e]lectronically or at a mutually agreed upon location" on August 15, 2023 at 12:00 p.m. (Doc. 1-3 at 1, 9-10). TFSG sent its objections to the subpoena on August 14, 2023 (*see* Doc. 3-2 at 5-8), and on August 15, 2023, TFSG filed a motion to quash Kytch's subpoena (Doc. 1). Kytch responded in opposition (Doc. 3), and TFSG replied (Doc. 5). With briefing complete, the Court turns to the merits of TFSG's motion.

## Discussion

TFSG moves to quash Kytch's subpoena on the grounds that: (1) the subpoena if facially invalid because it fails to command production at a specific place; and (2) the subpoena is unduly burdensome as it requests documents TFSG has already produced to Kytch, the scope of some of the requests are overly broad, and the cost to TFSG of searching for and producing the requested documents would exceed $12,000. (Doc. 1-1). The Court agrees with TFSG that the subpoena at issue must be quashed because it fails to specify a "place" for production of the requested documents, and therefore the Court need not reach the other issues raised in TFSG's motion.

When a subpoena is served on a non-party, as is the case here, Rule 45 governs. FED. R. CIV. P. 45. Rule 45 provides that "[e]very subpoena must: . . . (iii)

2

command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control; or permit the inspection of premises . . . ." FED. R. CIV. P. 45(a)(1)(A)(iii).

Here, Kytch's subpoena commands TFSG to produce nine categories of "documents and communications" (Doc. 1-3 at 9-10) "[e]lectronically or at a mutually agreed upon location" on August 15, 2023 at 12:00 p.m. (*id.* at 1). Thus, the subpoena does not provide a "specified . . . place" to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control," as required by Rule 45. FED. R. CIV. P. 45(a)(1)(A)(iii). The requirement to specify a "place" for compliance with the subpoena is not simply an exercise in form over substance. Instead, it supports Rule 45(c)'s geographical limitation to the "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" FED. R. CIV. P. 45(c)(2)A). Thus, to determine whether the commanded compliance falls within that geographical limit, the subpoena must specify the "place" for compliance. *See CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017) ("Under Rule 45, then, the place of compliance must be a physical "place" subject to "geographical limits" and capable of being measured according to mileage."). Moreover, Rule 45

3

provides that motions to quash must be filed in the "the district where compliance is required," thus demonstrating the need for the subpoena to specify the place where compliance is required pursuant to Rule 45(a)(1)(A)(iii).

Kytch contends, however, that TFSG "has zero authority for its position that this Court should quash a subpoena permitting TFSG to produce everything electronically (thus effectively eliminating any burden on TFSG regarding the place of compliance) or at a mutually convenient location (TFSG made zero effort to confer with Kytch regarding where that location should be)." (Doc. 3 at 6). TFSG's authority comes from the plain language of Rule 45 itself. Regardless of the type or format of commanded production, i.e., "designated documents, electronically stored information, or tangible things in that person's possession, custody or control," Rule 45 requires that "[e]very subpoena *must*: . . . (iii) command each person to whom it is directed to do the following at a specified time and *place*." FED. R. CIV. P. 45(a)(1)(A)(iii) (emphasis added). Kytch has provided no authority that it was relieved of that requirement where the production of documents is anticipated to be performed electronically. Kytch cites the advisory committee comments to the 2013 amendments which provide that "parties often agree that production, particularly of electronically stored information, be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in the amendments limit the ability of parties to make such arrangements." Advisory Committee Notes to 2013

Amendments to Rule 45(c). But those notes do not indicate that the subpoena need not specify the place of compliance for documents to be electronically produced; the plain language of Rule 45 says otherwise. The notes simply state that parties may agree on electronic production for subpoenaed documents, but there is no indication that the parties reached such an agreement here. To the contrary, one of the bases for TFSG's motion to quash is the undue burden and cost of searching for and producing electronic records. (*See* Doc. 1 at 12-13).

The Court finds instructive the discussion in *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702 (N.D. Tex. Oct. 2017). In that case, the court explained that "an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means," citing the 2013 advisory committee notes. *Id*. at 710. "At least where the parties have not so agreed, a subpoena that provides only an email address arguably violates Rule 45(a)(1)(A)(iii)'s requirement to 'command each person to whom it is directed to do the following at a specified . . . place.' " *Id*. (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "It seems that, in such an instance, a court faced with a Rule 45(d)(2) or 45(d)(3) motion could take appropriate action on the motion based on the understanding that the subpoena is simply not a valid or

5

enforceable subpoena." *Id.*[1]; *see also Schnelle v. Swift Tech. Servs. LLC*, No. 4:21-mc-02466, 2022 U.S. Dist. LEXIS 41490, at *4 (S.D. Tex. Mar. 9, 2022) (explaining that "parties are welcome to agree to production by electronic means," but 'an email address does not qualify as a location or place where compliance is required under Rule 45' " (quoting *CSS*, 354 F. Supp. 3d at 710)); *cf Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21cv1197-w-MDD, 2022 U.S. Dist. LEXIS 127870, at *2, 18-21 (S.D. Cal. July 18, 2022) (denying motion to compel enforcement with a subpoena that described "place" for deposition as "VIA ZOOM CONFERENCING: Link to be provided at a later date" because the subpoena failed to specify "place" of compliance under Rule 45 as a Zoom video conference is not a "place," but instead a method of taking the deposition, and noting that the parties had not agreed to a remote deposition).

In this case, Kytch's subpoena provides a method of production, i.e., "[e]lectronically" (Doc. 1-3 at 1), but it does not provide a *place* for TFSG's compliance with its subpoena, and therefore the subpoena does not comply with

---

[1] The court in *CSS* noted, however, that although the notices of intent to serve the subpoenas listed an email address as the "place" for compliance, thus telegraphing the defendants' preference for electronic transmission to the email address, the subpoenas themselves listed a physical address for a law office in Dallas. 354 F. Supp. 3d at 711. No such address is listed on Kytch's subpoena to TFSG. (*See* Doc. 1-3 at 1).

Rule 45(a)(1)(A)(iii). TFSG's motion to quash Kytch's subpoena (Doc. 1) is therefore **GRANTED**.

TFSG also requests attorney's fees incurred in the filing of its motion to quash, pursuant to Rule 45(d)(1). (Doc. 1-1 at 13). The Court finds an award of attorney's fees to be unwarranted at this point and denies that request. If Kytch continues to pursue the document production at issue in this case, the Court encourages Kytch and TFSG to confer in good faith to resolve their disputes over the scope, burden, and cost of the requested production, with careful consideration of the requirements of Rule 45 prior to the issuance of another subpoena.

## Summary

The Motion To Quash filed by Taylor Freezer Sales Co. of Georgia, Inc. (Doc. 1) is **GRANTED**. The Clerk is directed to close this action.

**IT IS SO ORDERED** this 22nd day of September, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge